

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL HOME INSURANCE COMPANY, a Risk Retention Group, Petitioner, | § § § § | |
| vs. | § § | MISC. ACTION NO. 6:15-00112-MGL |
| RUTH BRIDGES; BONNIE JEAN HARDIN; KIMBERLY GOLEN; and JEFFREY K. BRIDGES, Respondents. | § § § § § | |

**MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION TO COMPEL ARBITRATION AND DENYING PETITIONER'S MOTION TO STAY THE STATE COURT ACTION**

**I.     INTRODUCTION**

This case was filed pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 2283. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the Court is Petitioner National Home Insurance Company's Amended Motion to Compel Arbitration and Amended Motion to Stay the State Court Action. At issue, under the facts of this case, is (1) whether the Federal Arbitration Act, 9 U.S.C. §§ 1-16, grants the Court the authority to compel Respondents to arbitrate their claims against Petitioner, and (2) whether 28 U.S.C. § 2283 provides the Court the power to enjoin Respondents from prosecuting their claims against Petitioner in state court while their claims are arbitrated. Having carefully considered the motions, the response, the reply, the record, and the

applicable law, it is the judgment of the Court that Petitioner's motion to compel arbitration will be granted, but Petitioner's motion to stay the state court action will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Home Buyers Warranty Corporation (HBW) administers a nationwide new home warranty program (HBW Program) from its offices in Colorado. ECF No. 7 at 2. Petitioner is a Colorado corporation created and operating under the Federal Liability Risk Retention Act, 15 U.S.C. §§ 3901-3906, and is the warranty insurer for South Carolina home builders who enroll homes in the HBW Program. ECF No. 7 at 2. The builder's contractual liability under an HBW Warranty is insured by Petitioner pursuant to the Risk Retention Act. *Id.*

In 2004, RMC, Inc. (Builder) constructed and sold Respondent Ruth Bridges the house at issue in the underlying lawsuit located at 926 E. Emerald Springs Drive, Spartanburg, South Carolina (Home). *Id.* at 4. Concurrently, on April 13, 2004, Respondent Bridges applied to obtain a Home Buyers Warranty policy with Petitioner concerning the Home. *Id.*; ECF No. 10 at 1. Builder and Respondent Bridges signed the application, which Builder then sent from South Carolina to HBW's district office in Tucker, Georgia. ECF No. 7 at 4; ECF No. 10 at 1. Subsequently, HBW accepted the Home for enrollment in the HBW Program and mailed Respondent Bridges a Certificate of Warranty Coverage and a non-sample copy of the Operative HBW Warranty Booklet. ECF No. 7 at 5. The effective date of the policy was April 13, 2004. ECF No. 10 at 1. On September 5, 2008, Respondent Bridges conveyed her interest in the Home to her three children, Respondents Bonnie Jean Hardin, Kimberly Golden, and Jeffrey K. Bridges, while reserving a Life Estate Interest in the same. ECF No. 7-8 at 7.

The HBW Warranty at issue contains a one-year warranty against the occurrence of workmanship defects, a two-year warranty against the occurrence of system defects, and a ten-year warranty against the occurrence of structural defects. ECF No. 7 at 2; ECF No. 10 at 1. The HBW Warranty requires the builder or warranty insurer "to repair, replace, or pay the homeowner the reasonable cost of repair of any covered Structural Defect." ECF No. 7 at 3 (internal quotation marks omitted). The Colorado offices of HBW and Petitioner adjust claims arising under the HBW Warranty. *Id.*

The HBW Warranty mandates that any claim, dispute, or controversy between the homeowner and Petitioner shall be submitted to arbitration. *Id.* To be more specific, the HBW Warranty contains an arbitration agreement clause stating that "[t]he parties expressly agree that this arbitration provision involves and concerns interstate commerce and [is] governed by the provisions of the Federal Arbitration Act . . . to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule." *Id.* at 3-4 (internal quotation marks omitted). Further, the application stipulates that Respondent Bridges consents to the binding arbitration provision contained in the HBW Warranty. *Id.* at 4.

Under the terms of the HBW Warranty and prior to its expiration, Respondent Bridges contacted Petitioner to file a claim due to an alleged structural defect in the Home. ECF No. 10 at 1-2. Petitioner denied payment on the claim, and on February 18, 2015, Respondents filed an action against Petitioner in the Spartanburg County Court of Common Pleas. *Id.* at 2; ECF No. 7 at 5; *see Ruth Bridges v. Nat'l Home Ins. Co.*, C.A. No. 2015-CP-42-701 (S.C. Ct. Com. Pl. 7th Jud. Cir. Feb. 18, 2015). In the Complaint, Respondents pled causes of action against Petitioner for bad faith refusal to pay a claim, conspiracy, and a violation of the South Carolina Unfair Trade Practices Act.

3

ECF No. 10 at 2; ECF No. 7 at 5.  Petitioner filed an Answer pleading in part that Respondents' claims are subject to arbitration, ECF No. 7 at 5, and subsequently filed its Amended Motion to Compel Arbitration and Amended Motion to Stay the State Court Action with this Court. Respondents filed a Response in Opposition to the Motions, and Petitioner then filed a Reply.  On September 29, 2015, the Court ordered Petitioner to respond to several interrogatories regarding the Court's power to order arbitration and stay the pending state court litigation, ECF No. 13, and Petitioner answered the interrogatories on October 1, 2015.  ECF No. 15.  The issues are thus ripe for decision by this Court.

### III.     STANDARD OF REVIEW

The Federal Arbitration Act (FAA) provides a federal district court with the authority to enforce an arbitration agreement by compelling parties to arbitrate their dispute.  9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.").  States are vested with the same authority. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).  Section 2 of the FAA applies to any "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract," and it provides that the written agreements to arbitrate contained in such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The United

States Supreme Court has also noted a strong federal policy favoring arbitration. *See Moses H. Cone*, 460 U.S. at 24-25.

The Fourth Circuit Court of Appeals recognized the FAA's strong federal policy favoring arbitration agreements in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002), where the court stated, "A district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id.* at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)). The court further stated:

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision [that] purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute."

*Id.* at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)). Because "arbitration constitutes a more efficient dispute resolution process than litigation . . . 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Id.* at 500 (quoting *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989)) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001)).

For this Court to hear the dispute and rule on Petitioner's motion, the Court must have subject matter jurisdiction under 28 U.S.C. § 1332. Importantly, the FAA alone does not supply jurisdiction to the Court, because although it is a federal law, "it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." *Moses H. Cone*, 460 U.S. at 25 n.32. Rather, the Supreme Court has held that "there must be diversity of citizenship or some other independent

5

basis for federal jurisdiction before the order [compelling arbitration] can issue." *Id.* (citing *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)). A federal district court has subject matter jurisdiction through diversity of citizenship when the action is between citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a).

### IV.   CONTENTIONS OF THE PARTIES

Petitioner moves for an order compelling arbitration and an order staying the state court action. ECF No. 7 at 1. As to Petitioner's motion to compel arbitration, Petitioner first asserts that this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332 and alleges that the amount in controversy requirement is met. *Id.* at 5-8. Petitioner next claims that the underlying contract involves or affects interstate commerce, meaning that the FAA governs the arbitration provision. *Id.* at 9. Finally, Petitioner requests this Court grant an injunction to stay the state court proceedings because such an injunction is necessary to effectuate an order compelling arbitration. *Id.* at 17.

In opposition to Petitioner's motions, Respondents answer by asserting that the FAA does not apply to the underlying contract because the contract does not involve interstate commerce. ECF No. 10 at 2. Respondents claim that the warranty at issue covers the Home located in South Carolina and that thus the agreement affects intrastate commerce only. *Id.* at 4. Consequently, Respondents aver that the agreement is governed by the South Carolina Uniform Arbitration Act, and they further

allege that the arbitration provision fails to comply with the requirements of that Act. *Id.* at 4-5. They thus argue that Petitioner's motions should be dismissed. *Id.* at 5-6.

V.     **DISCUSSION AND ANALYSIS**

   A.     **Jurisdiction**

In *Moses H. Cone*, the dispute to be arbitrated arose between citizens of different states and comprised part of a lawsuit pending in a North Carolina state court. 460 U.S. at 7. The state court plaintiff, a North Carolina hospital, had sued a North Carolina architect and an Alabama contractor for defective construction of the hospital. *Id.* The Alabama contractor unsuccessfully sought to remove the case to federal court because the defendant architect and the plaintiff were both citizens of North Carolina. *Id.* at 7 n.4. Consequently, the Alabama contractor filed a petition to compel arbitration in federal court pursuant to 9 U.S.C. § 4 and based jurisdiction on diversity of citizenship. *Id.* at 7. Even though the state court case could not be removed to federal court, the Supreme Court held that federal jurisdiction existed for the limited purpose of enforcing the arbitration agreement between the Alabama contractor and the North Carolina hospital. *Id.* at 26-27. In compelling arbitration between the Alabama contractor and the North Carolina hospital while excluding the North Carolina architect, the Court declared that the policy of rigorously enforcing arbitration agreements outweighed judicial considerations of avoiding piecemeal litigation:

> [I]f Mercury obtains an arbitration order for its dispute, the Hospital will be forced to resolve these related disputes in different forums. That misfortune, however, is not the result of any choice between the federal and state courts; it occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the

> underlying dispute but not to the arbitration agreement. If the dispute between Mercury and the Hospital *is* arbitrable under the Act, then the Hospital's two disputes will be resolved separately—one in arbitration, and the other (if at all) in state-court litigation.

*Id.* at 19-20 (footnotes omitted).

In the same vein, the parties in the instant action before the Court are diverse. Petitioner is a Colorado corporation created and operating pursuant to the Risk Retention Act, whereas Respondents are all citizens of South Carolina. ECF No. 7 at 2; ECF No. 10 at 3. The underlying state court action includes defendants with South Carolina citizenship, thus preventing removal of the state action to federal court because of a lack of complete diversity. The additional state court defendants are Builders Engineering Corp. and Jerry Glover in his Official Capacity as Department Head of Spartanburg County Office of Building and Fire Codes, both of whom are South Carolina citizens. *See* ECF No. 7-8 at 2. However, the arbitration dispute exists between Petitioner, a Colorado citizen, and Respondents, South Carolina citizens. Therefore, there is complete diversity of citizenship in the instant action to compel arbitration. *See, e.g.*, *First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362, 1363-64 (11th Cir. 1998) (holding that diversity jurisdiction existed over a petition to compel arbitration where the state court action could not be removed to federal court and where "the petitioner [was] a corporation organized under Georgia law with its principal place of business in Georgia . . . respondent [was] a citizen of Alabama[, and the] amount in controversy exceed[ed] $75,000").

As noted above, the arbitration action must also involve an amount in controversy greater than $75,000 as mandated by 28 U.S.C. § 1332. To properly determine the amount in controversy in a petition to compel arbitration, the Seventh Circuit Court of Appeals has suggested a court should

8

look to "the stakes of the arbitration," which requires a court to examine the amount sought by the respondents in the underlying state court lawsuit. *See We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838, 841 (7th Cir. 1999). Petitioner avers that Respondents' "warranty provides limits of up to $107,176.00" and claims that the "compensatory damages may be the full warranty-limits." ECF No. 7 at 8. Additionally, Respondents failed to object to Petitioner's argument that the amount in controversy is met in this action, thus waiving any argument to the contrary. Based on the foregoing, the Court finds that it has subject matter jurisdiction over the matter because the parties have diverse citizenship, and the amount in controversy exceeds $75,000.

### B.     Compelling Arbitration

Upon finding that the Court has jurisdiction over Petitioner's action, the Court must next analyze whether the FAA governs the arbitration provision at issue. The Fourth Circuit in *Adkins* set forth four factors that must be met for a petitioner to obtain an order compelling arbitration under the FAA. *See Adkins*, 303 F.3d at 500-01. First, the petitioner must prove "'the existence of a dispute between the parties.'" *Id.* at 500 (quoting *Whiteside*, 940 F.2d at 102). In this case, Petitioner can show the existence of a dispute between the parties because Respondents sued Petitioner in South Carolina state court seeking to recover under the HBW Warranty. Second, the petitioner must establish "'a written agreement that includes an arbitration provision [that] purports to cover the dispute.'" *Id.* at 500-01 (quoting *Whiteside*, 940 F.2d at 102). Here, Petitioner has demonstrated that the HBW Warranty contains a comprehensive arbitration agreement that covers Respondents' claims of bad faith, conspiracy, and a violation of the South Carolina Unfair Trade Practices Act. Third, the petitioner must evidence "'the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Id.* at 501 (quoting *Whiteside*, 940 F.2d at 102). Certainly, filing an action

in state court against Petitioner without first arbitrating the dispute, as Respondents did here, satisfies this requirement. Finally, the petitioner must evince "'the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce.'" *Id.* (quoting *Whiteside*, 940 F.2d at 102). The parties dispute only the satisfaction of this fourth factor; namely, whether the HBW Warranty involves interstate commerce.

In *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995), the Supreme Court held that the FAA governs all arbitration agreements contained in contracts within the reach of the Commerce Clause of the United States Constitution, meaning all those contracts that "involve" or "affect" interstate commerce. *Id.* at 272-75, 277-81. The Court chose to interpret the FAA language "involving commerce" as the "functional equivalent" of "affecting commerce," which "normally signals Congress' intent to exercise its commerce powers to the full." *Id.* at 273-74. Additionally, the Court adopted the "commerce in fact" test to determine if the underlying transaction involves interstate commerce for the FAA to apply; the "commerce in fact test" requires the transaction to "in fact 'involv[e]' interstate commerce." *Id.* at 281.

Lower courts interpreting the Supreme Court's ruling in *Allied-Bruce* have concluded that the HBW Warranty does in fact involve interstate commerce. For example, after the Supreme Court vacated the Alabama Supreme Court's judgment and directed it to apply the holding of *Allied-Bruce* on remand, *Home Buyers Warranty Corp. II v. Lopez*, 513 U.S. 1123 (1995), the Alabama Supreme Court held that the FAA governed the arbitration agreement in the HBW Warranty because HBW was located in Colorado, the plaintiffs resided in Alabama, and the submission and adjustment of warranty claims required correspondence through Alabama, Georgia, and Colorado. *Lopez v. Home Buyers Warranty Corp.*, 670 So. 2d 35, 38 (Ala. 1995). Other courts have likewise held that the

arbitration agreement in the HBW Warranty is governed by and enforceable pursuant to the FAA because the warranty is sold in interstate commerce, the parties are from different states, and the home subject to the warranty is located in a state other than the domiciliary state of the warranty company. *See, e.g.*, *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 984 (5th Cir. 1995) (involving an HBW Warranty on a Louisiana home); *Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 191-92 (4th Cir. 1991) (involving an HBW Warranty on a Virginia home); *Kelley v. Benchmark Homes, Inc.*, 550 N.W.2d 640, 644-45 (Neb. 1996) (involving an HBW Warranty on a Nebraska home), *overruled on other grounds by Webb v. Am. Emp'rs Grp.*, 684 N.W.2d 33, 41 (Neb. 2004).

In the case at hand, Respondents' Home that is covered by the HBW Warranty is located in South Carolina. ECF No. 11 at 3. Respondent Bridges and Builder applied for an HBW Warranty by completing the application and mailing it to HBW's District Office in Georgia. *Id.* Respondents' Home was originally insured in Colorado, and the claims under the warranty were adjusted in Petitioner's Colorado office. *Id.* Accordingly, based on the Supreme Court's ruling in *Allied-Bruce* and persuaded by other courts' interpretations of that ruling, it is the opinion of this Court that the sale and administration of the HBW Warranty in this case involves and affects interstate commerce because the Home is located in South Carolina, the claims under the warranty were adjusted in Colorado, and the warranty itself was mailed from Georgia.

Because the HBW Warranty involves and affects interstate commerce, the FAA applies to the dispute, and Petitioner is correct in seeking enforcement of the arbitration provision under 9 U.S.C. § 4. As observed above, Respondents' HBW Warranty explicitly provides that the FAA shall govern the arbitration agreement contained therein. ECF No. 7-4 at 6-7. In the Fourth Circuit, the doctrine of equitable estoppel prohibits a party from attempting "'to hold [another party] to the terms

of [an] agreement' while simultaneously trying to avoid the agreement's arbitration clause." *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 160-61 (4th Cir. 2004) (quoting *Hughes Masonry Co. v. Greater Clark Cty. Sch. Bldg. Corp.*, 659 F.2d 836, 838 (7th Cir. 1981)). Because Respondents brought the underlying state court action against Petitioner under the HBW Warranty, Respondents may not disregard the arbitration agreement while selectively seeking to enforce some terms in the HBW Warranty.

Upon finding that the arbitration agreement in the HBW Warranty at issue is governed by the FAA, "[a] district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500. In sum, Petitioner has succeeded in showing (1) a dispute between the parties, (2) a written agreement containing an arbitration provision that covers the dispute, (3) the relation of the transaction to interstate commerce, and (4) the failure of Respondents to arbitrate the dispute. *See id.* at 500-01. Based upon the foregoing, the Court will grant Petitioner's motion to compel arbitration of Respondents' dispute against Petitioner.

    **C.    Staying the State Court Action**

Petitioner also requests this Court grant an injunction pursuant to 22 U.S.C. § 2283 to stay the proceedings currently pending in the Spartanburg County Court of Common Pleas. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. Enjoining a pending state court action is thus an extraordinary remedy, and "[a]ny doubts as to the propriety of

a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297.

In addition to federal courts, and as stated earlier, state courts also have jurisdiction to compel arbitration under the FAA. *See Moses H. Cone*, 460 U.S. at 25. Petitioner points to a number of cases where a federal district court not only ordered arbitration but also enjoined an underlying state court action. ECF No. 15 at 2-5. However, Petitioner has not provided, nor has this Court found, any binding authority specifically addressing whether a federal court should grant a stay of state court proceedings in conjunction with granting a motion to compel arbitration. Petitioner cites *Whiteside* as support for granting such a stay, but the Fourth Circuit in *Whiteside* did not grant the plaintiff's motion to compel arbitration and enjoin the state case; rather, the court reversed the district court's denial of the motion to compel arbitration and remanded the case for further proceedings because the district court "ha[d] the duty to proceed with the case that [was] within its jurisdiction." 940 F.2d at 103. The other cases Petitioner cites provide permissive, rather than mandatory, examples where district courts stayed the underlying state court action as part of ordering arbitration. *See, e.g.*, *Am. Heritage Life Ins. Co. v. Harmon*, 147 F. Supp. 2d 511, 513 (N.D. Miss. 2001) (staying a pending state court action in conjunction with an order compelling arbitration because it was necessary "to protect or effectuate [the] court's judgment and order that the controversy between the parties be submitted to arbitration"); *A.L. Williams & Assocs., Inc. v. McMahon*, 697 F. Supp. 488, 495 (N.D. Ga. 1988) (staying a pending state court action in conjunction with an order compelling arbitration because "the principle of judicial economy, the strong judicial policy expressed by the Supreme

Court favoring arbitration, and the policies embedded in the federal arbitration act warrant, and even require, a stay of the [state court] action").

Although other courts have chosen to issue a stay of pending state court litigation in conjunction with an order compelling arbitration, this Court determines that a stay of the state court suit would be improper under these circumstances. First, this Court finds that a stay of the state court action would be unnecessary to aid its jurisdiction or to protect or effectuate its order compelling arbitration, and Petitioner has provided no evidence showing that the order compelling arbitration would be ineffective without a stay. *See, e.g.*, *THI of N.M. at Hobbs Ctr., LLC v. Patton*, Civ. No. 11-537LH/CG, 2012 WL 112216, at *23-24 (D.N.M. Jan. 3, 2012) (finding that none of the three exceptions to the Anti-Injunction Act applied to allow a federal court to stay a state court action pending arbitration); *United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 659-60 (same). Additionally, section 3 of the FAA does not provide express authorization for a federal court to stay state court proceedings. *See* 9 U.S.C. § 3. Further, Petitioner has alleged no facts indicating that the state court would fail to act in accordance with its obligations under the FAA, and when pressed on that issue by this Court, Petitioner did not specifically address its failure to seek arbitration in state court. ECF No. 15 at 1-2. As noted above, the state court is bound to follow the FAA just as this Court is, and there is no reason to believe the state court will force Respondents to proceed with their claims against Petitioner in contravention of the FAA and this Order, if it finds it improper to do so. *See Patton*, 2012 WL 112216, at *24. Accordingly, the Court will deny Petitioner's motion seeking a stay of the pending action in the Spartanburg County Court of Common Pleas.

In sum, the question regarding arbitration is an easy one. Arbitration is mandatory in this case and the Court is of the firm opinion that the state court would have, given the opportunity, come

to the same conclusion. It is Petitioner's request that the Court stay the state case that is so perplexing. Yes, if Petitioner had supplied all of the applicable materials and adequately briefed the Court on the issue as to why a stay in this case is necessary, the Court could, if it found it appropriate, stay the state action. But Petitioner did not. Hence, the Court will not.

Further, when the Court issued interrogatories to Petitioner on the questions as to whether it had filed a motion to compel arbitration and a motion to stay in the underlying state case,[*] and if not, why not, ECF No. 13, Petitioner's responses provided more questions than they did answers. Asked why it failed to move for an order to compel arbitration and to stay the case in state court, instead of providing a forthright answer, Petitioner instead dodged the question by telling the Court what the Court already knew: that the Court had the authority to issue both the order to compel arbitration and to stay the state case. ECF No. 15 at 2. What a puzzling answer to a simple question.

As noted above, Petitioner may move for a stay before the state court, and the learned state court, having before it the entire record, is in a much better position to determine whether a stay is required than this Court is. Based on the paucity of the state record before this Court, and insufficient briefing on the issue, the Court is unpersuaded that the claims in the underlying case are so intertwined such that a stay is crucial. Even if it is such that the refusal to grant a stay will require that the case be tried piecemeal, the Supreme Court has recognized that to be acceptable. *See Moses H. Cone*, 460 U.S. at 20 (stating that the FAA "*requires* piecemeal resolution when necessary to give

---

[*]Although the Court inquired only about Petitioner's request that the Court compel arbitration, Petitioner's "Amended Motion to Compel Arbitration and Stay the State Court Action," ECF No. 7, was filed as just one motion. Therefore, the Court has interpreted Petitioner's responses to its interrogatories to be directed at both Petitioner's Motion to Compel Arbitration and its Motion to Stay the State Court Action.

effect to an arbitration agreement"). Simply put, Petitioner has failed to convince the Court why a stay is needed.

Finally, Petitioner seems to have conflated the mandatory nature of arbitration with the permissive nature of the granting of a stay. It is axiomatic that granting a motion to compel arbitration does not automatically require that the state action be stayed. *See* 9 U.S.C. § 3 (requiring stays of federal actions in conjunction with orders compelling arbitration, but not addressing stays of state actions). Therefore, the Court will leave it to the wise discretion of the state court to decide whether a stay is proper. This Court has no basis to think, and Petitioner has supplied none, that the state court will refuse to grant Petitioner's motion to stay if the facts and the posture of the case make the issuance of such a stay proper.

Having spent the majority of its time trying cases in state court when in the practice of law, this Court has great respect for the state court and is of the firm opinion that it is well suited to decide upon the propriety of granting a stay in this case. Yes, it is true that this Court has the ability to consider the motion to stay. But, the Court can fathom of no reason why this Court should order the state court to stay its proceedings in the underlying case when, as here, the state court is in a much better position to decide the matter for itself.

In sum, this Court's comity for the state court suggests that the state court should decide this issue. And, the foregoing discussion and analysis compels it.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that (1) Petitioner's motion seeking an order compelling arbitration is **GRANTED**; (2) Petitioner's motion seeking an order staying the state court action is **DENIED**; and (3) this case is **CLOSED**.

**IT IS SO ORDERED**.

Signed this 30th day of October, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE